# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **RICARDO HAMILTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | NO. 5:23-cv-00514-CAR-CHW |
| **WORTH COUNTY** | : | |
| **SHERIFF'S OFFICE,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Plaintiff Ricardo Hamilton, who is currently confined in Coastal State Prison in Garden City, Georgia, has filed a *pro se* 42 U.S.C. § 1983 complaint against defendants in Worth County, Georgia. Compl., ECF No. 1. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. to Proceed *In Forma Pauperis*, ECF Nos. 2 & 5. As set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, and thus, Plaintiff's complaint is ripe for preliminary review. On that review, Plaintiff is now **ORDERED** to recast his complaint if he wants to proceed with this action.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court

with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee.  Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**.  Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A.   Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.  The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's

2

account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d

1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995).

4

If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

In his complaint, Plaintiff asserts that, on January 24, 2023, he was driving home when a Dodge Charger pulled up to his to his left rear bumper. Compl. 4, ECF No. 1. Plaintiff turned on his left turn signal to go around the Charger, but the person driving it prevented Plaintiff from moving over. *Id.* Plaintiff then sped up to go around the Charger, which then followed Plaintiff for ten to thirteen miles. *Id.*

At that point, Plaintiff saw a silver Tahoe approaching with a Sylvester, Georgia patrol car trailing behind it. *Id.* Plaintiff's tire then blew out, and the Tahoe turned on its lights. *Id.* A maroon sedan moved in front of Plaintiff, and Plaintiff avoided hitting the sedan by running off the road. *Id.* Plaintiff was able to pull back onto the highway and gain control of his car, but the silver Tahoe rammed Plaintiff's car from behind. *Id.* Plaintiff exited his vehicle and began to run across the four-lane highway when he heard an officer yell for him to stop running. *Id.* The officer then discharged his firearm. *Id.* Plaintiff does not provide any additional information about what happened when the officer fired his weapon. *See id.*

III.   Order to Recast

As currently drafted, Plaintiff's complaint does not state a claim for relief. As an initial matter, Plaintiff names the Worth County Sheriff's Office and Deputy David Sheler. The Sheriff's Office is not a proper defendant to this action. *See Ga. Insurers Insolvency*

*Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)); *see also Brannon v. Thomas Cty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam); *Lovelace v. Dekalb Central Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam).

Plaintiff's statement of facts does not explain how Deputy Sheler was involved in his claims. *See* Compl. 4, ECF No. 1. Thus, he has not stated a claim for relief with regard to this potential defendant.

Other facts in Plaintiff's allegations are missing or unclear. It is not clear from Plaintiff's statement of facts whether any vehicles other than the patrol car were operated by law enforcement officers or whether Plaintiff is asserting that the person operating the Tahoe intentionally rammed Plaintiff's bumper. Moreover, Plaintiff states that he is seeking medical expenses as part of his request for relief, but he does not include any facts to show that he actually suffered an injury during the incident at issue in his complaint.

Therefore, if he wants to proceed with this action, Plaintiff is now **ORDERED** to recast his complaint consistent with the instructions herein. In recasting the complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. If he cannot provide the names of the individual defendants, Plaintiff must provide as much identifying information as he can to allow the Court to consider his claims.

In the statement of claims, Plaintiff must clearly explain what each individual defendant did or did not do that Plaintiff believes violated his constitutional rights. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any

facts to show what the defendant did, that defendant will be subject to dismissal. To that end, it is recommended that, when drafting his statement of claims, Plaintiff set forth a statement of the relevant facts and also list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to recast his complaint as directed herein. Failure to do so, or

to otherwise fully and timely comply with this order, may result in the dismissal of Plaintiff's complaint.  While this case is pending, Plaintiff must promptly inform the Court in writing as to any change in his mailing address.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with his service copy of this order (with the civil action number showing on both).  There will be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 5th day of April, 2024.

                                                    s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge