**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**RICARDO HAMILTON,**

**Plaintiff,**

**V.**

**WORTH COUNTY SHERIFF'S OFFICE, *et al.*,**

**Defendants.**

**NO. 5:23-cv-00514-CAR-CHW**

**ORDER**

Plaintiff Ricardo Hamilton, who is currently confined in Coastal State Prison in Garden City, Georgia, filed a *pro se* 42 U.S.C. § 1983 complaint against defendants in Worth County, Georgia. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. to Proceed *In Forma Pauperis*, ECF Nos. 2 & 5. After Plaintiff's motion for leave to proceed *in forma pauperis* was granted, Plaintiff was ordered to recast his complaint. Order to Recast, ECF No. 6. Plaintiff has now filed a recast complaint, which is ripe for preliminary review.[1]

On that review, Plaintiff will be permitted to proceed for further factual development against Deputy Sheriff David Sheler on Plaintiff's claim of excessive force.[2]

---

[1]Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 8. Because Plaintiff has already been granted *in forma pauperis* status, this motion is **DENIED AS MOOT**.

[2]In the original complaint, Plaintiff included the Worth County Sheriff's Office as a defendant to this action. In the recast complaint, Plaintiff did not name the Sheriff's

To the extent that Plaintiff intended to include a claim for deliberate indifference to a serious medical need, it is **RECOMMENDED** that such claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks

---

Office. Therefore, the **CLERK** is **DIRECTED** to remove the Worth County Sheriff's Department as a defendant on the docket.

omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Plaintiff's Allegations

In the recast complaint, Plaintiff asserts that he was driving home on January 24, 2023, when an unmarked black Dodge Charger driven by Sylvester police officer Ben Jenkins approached on Plaintiff's left side, preventing Plaintiff from changing lanes. Recast Compl. 6, ECF No. 7. Plaintiff turned on his left turn signal, sped up, and moved

in front of the Charger, which stayed behind Plaintiff. *Id.* Thereafter, Plaintiff saw an unmarked silver Tahoe following behind the Charger. *Id.* The Tahoe was driven by Worth County Deputy Sheriff David Sheler. *Id.* Sylvester police officer Jakori Edwards was behind all three vehicles in a marked patrol car. *Id.*

The three officers followed Plaintiff for ten to thirteen miles without activating their lights or sirens. *Id.* At that point, Plaintiff's right rear tire exploded, and the officers then turned on their lights. *Id.* Around the same time, a maroon sedan switched lanes to the lane that Plaintiff was driving in. *Id.* To avoid hitting the sedan, Plaintiff swerved off of the road, went around the sedan, and pulled back onto the road. *Id.* The silver Tahoe then rammed Plaintiff from behind, immobilizing Plaintiff's car. *Id.*

Plaintiff got out of his car and ran across four lanes of traffic. *Id.* Deputy Sheler ordered Plaintiff to stop running, pulled out his service weapon, and fired at Plaintiff. *Id.* Believing that he had been hit, Plaintiff fell and rolled into a ditch between the highway and adjacent railroad tracks, exacerbating an injury that Plaintiff had previously sustained from a gunshot. *Id.* Plaintiff was arrested and subsequently held for six days without medical attention. *Id.*

At some point, Plaintiff was told that his gunshot wound had reopened when he fell, causing his stomach, intestine, and liver to come through his stomach lining. *Id.* Plaintiff also sustained an abdominal wall hernia. *Id.* A doctor told Plaintiff that the delay in medical care increased Plaintiff's chances of having future medical problems. *Id.* at 6-7.

III. Plaintiff's Claim

A. Excessive Force

The only person that Plaintiff names as a defendant in this action is Deputy Sheriff David Sheler of the Worth County Sheriff's Department. In the complaint, Plaintiff alleges that Sheler was driving the silver Tahoe that rammed Plaintiff's car and that Sheler shot at Plaintiff as Plaintiff was running away, causing Plaintiff to fall to the ground and reopen a healing gunshot wound. These allegations implicate a potential claim for excessive force.

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). Although the right to use some degree of force comes with the right to make an arrest, the question is whether the force used was reasonable, which is judged on a case-by-case basis. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 737-38 (11th Cir. 2010).

Accepting Plaintiff's allegations as true and construing them broadly in Plaintiff's favor, it appears arguable whether Deputy Sheler may have used excessive force when he rammed Plaintiff's car and when he shot at Plaintiff while Plaintiff was running away. To that end, Plaintiff will be permitted to proceed for further factual development on an excessive force claim against Deputy Sheriff David Sheler.

B. Deliberate Indifference

Plaintiff includes additional allegations relating to his injuries. Notably, Plaintiff asserts that he sustained injuries that were not treated for nearly a week after his arrest.

He also asserts that the delay in treatment may lead to additional issues. It seems that Plaintiff may have intended these assertions to allege deliberate indifference to a serious medical need.

To state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need.[3] *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Plaintiff does not assert any facts showing that Sheler, the only named defendant, was aware of Plaintiff's injuries or the lack of treatment in the time following Plaintiff's arrest. Likewise, Plaintiff does not allege facts showing that any other potential defendant knew about and disregarded a risk of harm to Plaintiff relating to his purported injuries. Thus, he has not stated a claim in this regard, and it is **RECOMMENDED** that any deliberate indifference to a serious medical need claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IV. Conclusion

As set forth above, Plaintiff will be permitted to proceed for further factual development on his excessive force claim against Deputy Sheriff David Sheler. It is **RECOMMENDED**, however, that any deliberate indifference to a serious medical need claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

---

3Because Plaintiff was a pretrial detainee at the time this potential deliberate indifference claim arose, his claim would be governed by the Fourteenth Amendment due process clause, rather than the Eighth Amendment. Regardless, the standards governing such claims are the same under either Amendment. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT DEPUTY SHERIFF DAVID SHELER**, and that he file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will

be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil

Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED**, this 22nd day of May, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge